# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| |
|---|
| JACK A. JORY, |
|    Plaintiff, |
|      v. |
| SECRETARY, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, |
|    Defendants. |

Civil Action No. 11-2213 (CKK)

## MEMORANDUM OPINION
(May 10, 2012)

Plaintiff Jack A. Jory, proceeding *pro se*, filed suit against Defendant, the Secretary of the Department of Homeland Security ("Secretary" or "Defendant"), seeking further review of an order issued by the Commandant of the United States Coast Guard revoking Plaintiff's merchant mariner's license. The Complaint seeks a writ of mandamus compelling the Secretary to hear Plaintiff's appeal from the Commandant's decision. Presently before the Court is Defendant's [9] Motion to Dismiss. The motion is now fully briefed and ripe for adjudication.[1] For the reasons stated below, Plaintiff fails to state a claim for relief pursuant to the Mandamus Act, and the Court lacks subject matter jurisdiction pursuant to the All Writs Act, therefore Defendant's [9] Motion to Dismiss is GRANTED.

## I. BACKGROUND

In November 2008, Plaintiff served as a seaman aboard the Sea Fox, operating in the

---

[1] *See* Def.'s Mot. to Dismiss, ECF No. [9]; Pl.'s Opp'n, ECF No. [12]; Def.'s Reply, ECF No. [13].

Gulf of Mexico. *Jory v. Global Indus. Offshore, LLC*, No. 4:11-cv-1413, at 2 (S.D. Tex. Filed Apr. 13, 2011).[2] Plaintiff alleges that on November 3, 2008, he challenged an "unreasonable and unsafe" order, which led to a series of confrontations and later Plaintiff's removal from the Sea Fox by the United States Coast Guard. *Id*. That same day, the Coast Guard temporarily suspended Plaintiff's merchant mariner's license, and initiated administrative proceedings to revoke Plaintiff's license. Compl., ECF No. [1], ¶ A1. Administrative Law Judge ("ALJ") Bruce Tucker Smith held an expedited hearing on the Coast Guard's complaint, and revoked Plaintiff's mariner's license on December 5, 2008. *Id.* at ¶¶ A2-4.

Plaintiff appealed ALJ Smith's decision to the Coast Guard Commandant. Compl. ¶ A5. On January 21, 2011, the Commandant issued his decision, presumably upholding the ALJ's decision to revoke Plaintiff's license. *Id.* at ¶ B1. Over the next three months, Plaintiff submitted a "Notice of Intent to Petition for Judicial Review," and an "Appeal to the Secretary" to the Secretary. *Id.* at ¶¶ B2-3. On June 27, 2011, the Coast Guard informed Plaintiff that the time in which Plaintiff could appeal the Commandant's decision to the National Transportation Safety Board ("NTSB") had elapsed. *Id.* at ¶ B4. Plaintiff subsequently filed a "Motion to Extend," again with the Secretary. *Id.* at ¶ B5. The Coast Guard, construing Plaintiff's "Motion to Extend" as a request for an extension of time to file his appeal with the NTSB, filed an opposition to the motion. *Id.* at ¶ B6. The NTSB ultimately dismissed Plaintiff's appeal as untimely. *Id.* at ¶ B7.

---

[2] The Court cites to Plaintiff's related case pending in the United States District Court for the Southern District of Texas solely for the purpose of providing a factual context for the allegations in Plaintiff's Complaint in this District. The allegations and proceedings in the related matter played no role in the Court's decision.

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction" and can adjudicate only those cases entrusted to them by the Constitution or an Act of Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The Court begins with the presumption that it does not have subject matter jurisdiction over a case. *Id.* at 377. In order to survive a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of establishing that the court has subject matter jurisdiction. *Moms Against Mercury v. FDA*, 483 F.3d 824, 828 (D.C. Cir. 2007). In determining whether there is jurisdiction, the Court may "consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Coal. for Underground Expansion v. Mineta*, 333 F.3d 193, 198 (D.C. Cir. 2003) (citations omitted). "At the motion to dismiss stage, counseled complaints, as well as *pro se* complaints, are to be construed with sufficient liberality to afford all possible inferences favorable to the pleader on allegations of fact." *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1106 (D.C. Cir. 2005). "Although a court must accept as true all factual allegations contained in the complaint when reviewing a motion to dismiss pursuant to Rule 12(b)(1)," the factual allegations in the complaint "will bear closer scrutiny in resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion for failure to state a claim." *Wright v. Foreign Serv. Grievance Bd.*, 503 F. Supp. 2d 163, 170 (D.D.C. 2007) (internal citations and quotation marks omitted).

## III. DISCUSSION

As an initial matter, in his Opposition to Defendant's motion Plaintiff clarifies that despite the references to the Administrative Procedures Act in his Complaint, Plaintiff is seeking

3

only a writ of mandamus compelling the Secretary to consider his appeal of the Commandant's ruling, but is not seeking relief pursuant to the APA. Pl.'s Opp'n ¶¶ 2-3. With this in mind, the Court turns to Defendant's contention that the Court lacks subject matter jurisdiction to issue the writ requested by the Plaintiff. Plaintiff provides two bases for the Court's purported jurisdiction to issue the requested writ: the Mandamus Act and the All Writs Act. Neither act establishes this Court's jurisdiction, therefore Defendant's motion will be granted.

*A. Mandamus Act*

Plaintiff's Opposition invokes the Mandamus Act, 28 U.S.C. § 1361 as "assign[ing] jurisdiction of the petition squarely in the district court." Pl.'s Opp'n ¶ 4. Pursuant to the Mandamus Act, district courts have original jurisdiction over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. In recognition of the drastic nature of mandamus, jurisdiction under the statute is exceedingly narrow. *In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005) ( en banc ). Mandamus-type relief may issue if, and only if, (i) the plaintiff has a clear and indisputable right to relief, (ii) the defendant has a clear duty to act, and (iii) there is no other adequate remedy available. *Power v. Barnhart*, 292 F.3d 781, 784 (D.C. Cir. 2002). In this case, the Plaintiff seeks mandamus to compel the Secretary to review the Commandant's decision upholding the revocation of Plaintiff's merchant mariner's license.

To support mandamus jurisdiction, the proffered legal basis for the defendant's duty must be "clear and compelling." *In re Cheney*, 406 F.3d at 729 (internal quotation marks omitted). In other words, the duty "must be so plainly prescribed as to be free from doubt and equivalent to a positive command." *Consol. Edison Co. of N.Y., Inc. v. Ashcroft*, 286 F.3d 600, 605 (D.C. Cir.

4

2002) (internal quotation marks omitted), *cert. denied*, 537 U.S. 1029 (2002). "[I]f there is no clear and compelling duty under the statute as interpreted, the district court must dismiss the action." *In re Cheney*, 406 F.3d at 729. Here, Congress has proscribed a specific set of procedures for suspending or revoking merchant mariner licenses. *See* 46 U.S.C. §§ 7702-7703; 33 C.F.R. § 20.101 *et seq*. The Coast Guard initiates suspension and revocation proceedings, by filing a complaint with the Hearing Docket Clerk.[3] 33 C.F.R. § 20.401. Within 30 days of the issuance of the ALJ's decision, any party may notice an appeal of the decision to the Commandant of the Coast Guard. 33 C.F.R. § 20.1001(a). No more than sixty days after the ALJ's decision, the party must also submit an appellate brief to the Commandant. 33 C.F.R. § 20.1003(a)(3). "The Commandant shall review the record on appeal to determine whether the ALJ committed error in the proceedings, and whether the Commandant should affirm, modify, or reverse the ALJ's decision or should remand the case for further proceedings." 33 C.F.R. § 20.1004(a). If the Commandant affirms the suspension or revocation of the individual's license, the only path for appeal is to the NTSB. 49 U.S.C. § 1133(3); 46 C.F.R. § 5.713(a); *Rogers v. Ingolia*, 424 F. App'x 283, 284-85 (5th Cir. 2011) ("Where the Commandant has affirmed a suspension or revocation of a merchant marine's license, the appeal of his or her decision must be taken to the [NTSB]."). The final decision of the NTSB can itself be further reviewed by the "appropriate court of appeals of the United States or the United States Court of Appeals for the District of Columbia Circuit." 49 U.S.C. § 1153(a).

Given this context, Plaintiff's request for mandamus fails. Under the relevant statutes

---

[3] The Coast Guard can also, as in Plaintiff's case, temporarily suspend and take possession of an individual's license before initiating suspension and revocation proceedings. 46 U.S.C. § 7702(d).

5

and regulations, the Commandant decision can only be reviewed by the NTSB. *E.g.*, *Dresser v. Meba Med. & Benefits Plan*, 628 F.3d 705, 708-09 (5th Cir. 2010) ("The Coast Guard and NTSB statutory and regulatory scheme provide for judicial review [of the Commandant's decision], but only in a court of appeals, and only after an appeal to the NTSB."). The Secretary lacks the authority much less a compelling duty to entertain an appeal from an order of the Commandant affirming the revocation of a merchant mariner's license. Because the Defendant has no duty to hear Plaintiff's appeal, Plaintiff has not and cannot state a plausible entitlement to mandamus relief, and the Complaint must be dismissed.[4]

B.      *All Writs Act*

In the Complaint itself, Plaintiff relies on the All Writs Act, 28 U.S.C. § 1651, as the basis for the Court's jurisdiction. The All Writs Act provides that Federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). Contrary to Plaintiff's implicit assertion, the Act does not itself enlarge this Court's jurisdiction, but rather limits the Court's authority to issue extraordinary writs "to the issuance of process 'in aid of' the issuing court's jurisdiction." *Clinton v. Goldsmith*, 526 U.S. 529, 534 (1999). "[A]uthority under the All Writs Act 'extends to those cases which are within [a court's] appellate jurisdiction although no appeal has been perfected.'" *In re Tennant*, 359 F.3d 523, 528 (D.C. Cir. 2004) (quoting *FTC v. Dean Foods*

---

[4] The question of whether the statute relied upon imposes a clear and compelling duty on the defendant merges into an issue of the merits of the complaint. *Banner Health v. Sebelius*, 797 F. Supp. 2d 97, 114 n.18 (D.D.C. July 15, 2011). Therefore, if dismissal rests on a plaintiff's failure to point to a clear and compelling duty, it should be treated as a dismissal for failure to state a plausible entitlement to relief, not as a dismissal for lack of subject matter jurisdiction. *Ahmed v. Dep't of Homeland Sec.*, 328 F.3d 383, 386–87 (7th Cir. 2003).

*Co.*, 384 U.S. 597, 603-04 (1966)).

Fundamentally, in order to be eligible for relief under the All Writs Act, Plaintiff must demonstrate the Court's future appellate jurisdiction—that is, Plaintiff must show this Court has jurisdiction to review the decision of whatever body the Court orders to review the Commandant's decision. *In re Tennant*, 359 F.3d at 531. The allegations in Plaintiff's Complaint fail to meet this burden for the same reason relief is not available under the Mandamus Act: at the point the Secretary lacks jurisdiction over Plaintiff's appeal from the Commandant's order, this Court has "no future appellate jurisdiction that a writ of mandamus could protect." *Id.* Even if the Complaint were construed as a request to order the NTSB to consider Plaintiff's appeal, the Court would still lack jurisdiction to grant Plaintiff the requested relief. "Mandamus jurisdiction over agency action lies, if anywhere, in the court that would have authority to review the agency's final decision." *Id.* Jurisdiction to review the NTSB's decision in suspension and revocation cases lies solely with the courts of appeal. 49 U.S.C. § 1153(a). Because this Court could not hear Plaintiff's appeal from the NTSB, the Court cannot order the NTSB to consider the appeal from the Commandant's decision in the first place. Ultimately the Court cannot order the Secretary to perform a duty the Secretary lacks the authority to do, thus Plaintiff's Complaint must be dismissed.

### IV. CONCLUSION

For the foregoing reasons, under either statute relied upon by the Plaintiff, the Court cannot issue a writ of mandamus compelling the Secretary to consider an appeal of the Commandant's decision. The Secretary lacks the statutory authority to review the Commandant's decision, therefore there is no "compelling duty" the Secretary is failing to

7

fulfill, a prerequisite to relief under the Mandamus Act.  Furthermore, neither the Secretary nor this Court have jurisdiction to hear any (eventual) appeal from the Commandant's decision.  Accordingly, this Court lacks jurisdiction to grant relief pursuant to the All Writs Act.  Therefore, Defendant's [9] Motion to Dismiss is GRANTED.

    An appropriate Order accompanies this Memorandum Opinion.

                                                                      /s/
                                                **COLLEEN KOLLAR-KOTELLY**
                                                United States District Judge